UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RODNEY SMITH | DOCKET NO. 08-CV-0053 |
| VERSUS | JUDGE DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. § 1983) of Rodney Smith, originally filed in the Middle District of Louisiana on December 12, 2007. The case was transferred to this District on January 11, 2008. [Docs. #1, 2, 3] Plaintiff is proceeding *in forma pauperis*.

Smith is an inmate incarcerated at Winn Correctional Center ("WNC") in Winnfield, Louisiana. He filed this action against Warden Tim Wilkinson and Records Department employees Libby Tigner, L.H. Pigot, N. McKinley, and J.Slay, complaining that the defendants have violated his constitutional rights through the miscalculation of his good-time credits and jail credits, thereby resulting in an incorrect release date.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE**.

**STATEMENT OF THE CASE**

According to Smith's complaint, he has three master prison record sheets, all containing "different good time dates." Smith alleges that the Master Prison Record computation is incorrect, and his release date should be earlier than is reflected in the records.

**LAW AND ANALYSIS**

Smith seeks to have the release dates corrected based on his time served and good-time credits. Thus, Plaintiff seeks an earlier release from custody. **Such relief is not available by way of a civil rights action.** See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir.1997). A §1983 action is appropriate for recovering monetary damages resulting from illegal administrative procedures; however, a *habeas* action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir.1994).

Plaintiff should note that, with regard to *habeas corpus*, **a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas corpus* relief.** See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982).

Generally, the habeas exhaustion requirement is satisfied only

2

when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988). That is, **the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant *before* those claims are heard in federal court.** Picard v. Connor, 404 U.S. 270, 275 (1971). Plaintiff should also note that a federal habeas petition that contains unexhausted claims must be dismissed in its entirety. Thomas v. Collins, 919 F.2d 333, 334 (5th Cir.1990); Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir.1986).

Specifically, **the proper procedure in Louisiana for challenging the computation of a sentence is as follows:**

(1) The challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176.

(2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.[1]

(3) If unsuccessful at the district court level, the inmate can appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1).

(4) Should Petitioner's appeal be unsuccessful, Louisiana law

---

[1] La. R.S.15:571.15 provides, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge..."

3

allows him to seek <u>supervisory review in the Louisiana Supreme Court</u>. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

In sum, a habeas petition is the proper vehicle for challenging the fact or duration of incarceration. **However, Plaintiff should ensure that the forgoing steps have been accomplished** *before* **filing such habeas corpus petition in the appropriate federal court.**

For the forgoing reasons,

**IT IS RECOMMENDED** that Plaintiff's §1983 complaint be **DENIED AND DISMISSED** as failing to state a claim for which relief can be granted. Plaintiff should refer to the information presented herein regarding proper procedure for challenging the fact or duration of his confinement.

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _21st_ day of _February_, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE